IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:09-CV-34-FL

| | | |
|---|---|---|
| JOHN D. WOOTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CL, LLC, a Florida Limited Liability | ) | |
| Company; TERRENCE COYLE, | ) | ORDER |
| Individually and as Manager/Member of | ) | |
| CL, LLC, a Florida Limited Liability | ) | |
| Company; JAY ROBERT LUNDBLAD; | ) | |
| PETER CHICOURIS; ANDERSON | ) | |
| MIDGETT; STOCKTON MIDGETT; | ) | |
| and MIDGETT REALTY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judgment on the pleadings or, in the alternative, motion to dismiss for failure to state a claim (DE # 74) filed by defendant Midgett Realty, Inc. ("Midgett Realty"), plaintiff's motion to alter judgment and amend complaint (DE # 78), and plaintiff's motion for an extension of time to complete discovery (DE # 87). These motions have been fully briefed, and the issues raised now are ripe for adjudication. For the reasons that follow, Midgett Realty's motion to dismiss is granted, plaintiff's motion to alter judgment is denied as moot, and plaintiff's motions for leave to amend and for an extension of time are denied.

## BACKGROUND

The genesis of the instant lawsuit is an investment deal gone sour. In his original complaint, filed June 30, 2009, plaintiff alleged that he was convinced by defendants Anderson and Stockton

Midgett ("the Midgetts") to invest $400,000.00 in a condominium project in Hatteras, North Carolina. Later, according to plaintiff, defendant Peter Chicouris ("Chicouris") falsely represented that the project was progressing. The condominium project was never built and defendants failed to return plaintiff's investment.[1]

On these facts, plaintiff alleged that the Midgetts were liable for fraudulent inducement to contract, negligent misrepresentation, gross negligence, conversion, civil conspiracy, violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq., the North Carolina Securities Act, N.C. Gen. Stat. § 78A-1 et seq., and the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. Each of these causes of action was also alleged against Chicouris, in addition to a claim for breach of contract. Finally, Midgett Realty was asserted to be liable for the actions of the Midgetts under an agency theory of liability.

The Midgetts and Chicouris separately moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff in turn moved for leave to amend the complaint. By order entered September 27, 2010, the court granted the motions to dismiss and granted in part the motion to amend. Each of the claims against the Midgetts and Chicouris were dismissed, and plaintiff's motion to amend was denied as futile to the extent it sought to amend these claims. The motion to amend was granted as to all but one of the other defendants.

On October 20, 2010, Midgett Realty moved for judgment on the pleadings pursuant to Rule 12(c), or in the alternative for dismissal pursuant to Rule 12(b)(6). It contends that because its liability is premised on the actions of the Midgetts, plaintiff's claim cannot proceed against it where

---

[1] Although this case involves a number of defendants, only those facts relevant to Wooton's interactions with the Midgetts and Chicouris need be recited for purposes of the pending motions. A more complete recitation of the background of this case is given in the court's order of September 27, 2010, at docket entry 27.

all claims against the Midgetts have been dismissed. Responding in opposition, plaintiff draws the court's attention to additional facts alleged in the proposed second amended complaint which he contends are sufficient to survive a motion to dismiss. Plaintiff does not argue that judgment on the pleadings or dismissal would be inappropriate if he is denied leave to amend.

On October 25, 2010, plaintiff moved for leave to alter judgment under Rule 59(e) and to amend his complaint under Rule 15(a). Plaintiff contends that he has discovered additional facts which would allow him to defeat a motion to dismiss, and that any delay should be excused where he has diligently continued to engage in discovery and where the exact requirements he needed to state his claim were not known to him until the court ruled on the initial motions to dismiss. Chicouris and Midgett Realty have responded in opposition, arguing that plaintiff fails to meet the requirements of Rule 59(e) and that his motion to amend should in any event be denied.[2]

On December 16, 2010, plaintiff moved for an extension of time to complete discovery. Plaintiff seeks an additional sixty (60) days to complete discovery and to file dispositive motions. Midgett Realty responded in opposition, arguing the good cause necessary to extend these deadlines has not been shown. Instead, Midgett Realty argues, plaintiff has simply failed to exercise the necessary diligence to complete discovery in the time period currently provided for.

## DISCUSSION

A.  Plaintiff's Motion for Leave to Amend

Plaintiff's proposed second amended complaint is significantly changed from his previous amended complaint. As relevant here, plaintiff omits the breach of contract claim against Chicouris,

---

[2] By notice filed November 10, 2010, plaintiff alerted the court that he was withdrawing his motion for leave to amend with respect to any claims against the Midgetts, who will remain dismissed from this action. The court also notes that plaintiff amended and refiled his motion for leave to amend on October 27, 2010.

and omits his conspiracy, conversion, and Unfair and Deceptive Trade Practices Act claims against all defendants. The North Carolina Securities Act claim is no longer asserted against the Midgetts or Midgett Realty. Plaintiff has added a claim against Chicouris and defendant Terrence Coyle for breach of fiduciary duty. Finally, plaintiff has pleaded a number of additional facts in detail, resulting in two hundred and eighty-two (282) paragraphs of allegations.

Before proceeding further on plaintiff's motion for leave to amend, the court notes that such motion is not timely under the scheduling order in effect in this case. The initial scheduling order directed that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by plaintiff by September 1, 2010." (Case Management Order, Apr. 12, 2010, at ¶ II.B.) The parties jointly moved for an extension of this deadline on September 7, 2010, and the court allowed such extension by order entered September 22, 2010. The scheduling order as currently amended allowed plaintiff until October 15, 2010, to file a motion to amend. His motion was not filed until October 25, 2010, and was further amended on October 27, 2010.

1.  Standard of Review

Once a responsive pleading is filed, plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc). As such, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. at 426-47 (citation omitted). However, "after the deadlines provided by a scheduling order have passed, the good cause standard

[of Rule 16(b)(4)] must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298-99 (4th Cir. 2008).

    2.    Analysis

The parties first dispute whether the factors necessary to alter or amend the court's judgment under Rule 59(e) are met. However, judgment has not yet been entered. Pursuant to Rule 54(b):

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The court did not make the finding required by this rule.

Because the court has not expressly entered judgment as to the Midgetts or Chicouris under Rule 54(b), "the order of dismissal in their favor is 'subject to revision at any time before the entry of a judgment adjudicating all the claims.'" Doctor v. Seaboard Coast Line R.R. Co., 540 F.3d 599, 712 (4th Cir. 1976) (quoting Fed. R. Civ. P. 54(b)). Plaintiff therefore need not satisfy the "strict standards applicable to motions for reconsideration of a final judgment" to amend his complaint. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Instead, any reconsideration of the dismissal of the Midgetts and Chicouris necessary to allow amendment is "committed to the discretion of the district court." Id. at 515.

Because plaintiff's motion is untimely under the scheduling order, it is not Rule 59(e) that cabins the court's discretion to grant leave to amend, but the "good cause" standard of Rule 16(b). See, e.g., Nourison Rug Corp., 535 F.3d at 299 ("[Claimant] urges us to adopt a new standard,

reading Rule 16(b) in light of Rule 15(a)'s liberal allowances. We refuse to do so."). Good cause is satisfied where the moving party "show[s] that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." Vercon Constr., Inc. v. Highland Mortg. Co., 187 F. App'x 264, 265 (4th Cir. 2006) (per curiam) (unpublished) (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1522.1 (2d ed. 1990)); see also United States v. Godwin, 247 F.R.D. 503, 508 (E.D.N.C. 2007). This inquiry focuses on "the timeliness of the [proposed] amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel Cnty., Md., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished).

There has been no showing here to satisfy the good cause standard of Rule 16(b). Plaintiff primarily argues that any delay in seeking leave to amend was justified because he required the analysis in the court's dismissal order to rectify the deficiencies in his first amended complaint. This argument is insufficient. The dismissal order was entered on September 27, 2010. Plaintiff had eighteen (18) days to amend his complaint within the deadline established by the amended scheduling order. Yet he did not file his motion for leave to amend, without any suggestion as to why eighteen (18) days was insufficient to amend his complaint, until ten (10) more days had passed. Plaintiff further amended and re-filed this motion two days later.

At bottom, plaintiff's motion for leave to amend appears to have been filed absent any consideration to the deadlines established by the scheduling order. This is particularly concerning where the relevant deadline had recently been extended by forty-five (45) days on joint motion of the parties. Although plaintiff's motion is tardy by less than two weeks, "a . . . scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

peril.'" Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 375-76 (D. Md. 1999) (quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

In sum, plaintiff's motion to alter judgment is DENIED AS MOOT where no final judgment has yet been entered. Plaintiff need not meet the strict criteria of Rule 59(e). But because the record does not reflect that the deadline for amending the pleadings could not reasonably have been met despite plaintiff's diligence, no extension of the schedule ordered by the court shall be allowed. Accordingly, plaintiff's motion for leave to amend is DENIED as untimely.

B.    Midgett Realty's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). The court accepts the facts alleged in the pleadings as true and construes them in the light most favorable to plaintiff as the non-moving party. Barbour v. Int'l Union, 594 F.3d 315, 316 (4th Cir. 2010). The court is tasked with determining if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In seeking judgment on the pleadings, Midgett Realty contends that it cannot be held liable for the conduct of the Midgetts where that conduct was found by the court not to be actionable pursuant to its prior order dismissing those individual defendants. Plaintiff offers no argument to the contrary, but instead relies exclusively on the allegations set forth in his proposed second amended complaint. However, because plaintiff is unable to amend his complaint a second time for

7

the reasons already given, the court measures the claims against Midgett Realty as they are alleged in the first amended complaint.

The first amended complaint appears to allege liability on Midgett Realty only through an agency theory. Midgett Realty is not alleged to have independently acted, or to have acted through any agents other than Anderson and Stockton Midgett. Thus, assuming that the Midgetts were acting as agents for Midgett Realty when they took the actions alleged in the first amended complaint, plaintiff's claims against Midgett Realty fail for the same reasons these claims failed against the Midgetts. (See Order, Sept. 27, 2010, at 6-17.) Accordingly, Midgett Realty's motion for judgment on the pleadings is GRANTED.

C.  Plaintiff's Motion for an Extension of Time

As already noted with respect to plaintiff's motion for leave to amend, a deadline set forth in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The moving party may show good cause by demonstrating that the relevant deadlines "cannot reasonably be met despite the diligence of the party needing an extension." Vercon Constr., 187 F. App'x at 265. "[T]he primary consideration is the diligence of the moving party." Montgomery, 182 F. App'x at 162. The moving party must also show "prior consultation with opposing counsel and the views of opposing counsel." Local Civil Rule 6.1.

The court's original scheduling order required all discovery to be commenced or served in time to be completed by November 1, 2010, and required all dispositive motions to be filed by January 31, 2011. On November 1, 2010, the date by which discovery was to have been completed, the parties jointly moved for an extension of time to complete discovery and to file dispositive motions. The court allowed that motion, pushing back the discovery deadline to December 31, 2010,

8

and the dispositive motions deadline to February 28, 2011. Plaintiff now seeks a second extension of these deadlines, to March 1, 2011, and April 29, 2011, respectively. His motion is opposed.

The court finds that good cause does not exist to further extend the deadlines for discovery or for filing dispositive motions. These deadlines, along with several others set forth in the court's original scheduling order, have already been extended once.[3] And despite this extension, it appears that plaintiff has failed to diligently use the additional time allotted to complete the necessary discovery. Although deadlines in a scheduling order "are not set in stone, . . . the terms of the order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" Barwick v. Celotex Corp., 736 F.2d 946, 954-55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1).[4]

Almost a year and a half has passed since plaintiff's complaint was filed in this court on June 30, 2009. The parties have been operating under a scheduling order, with consented-to deadlines for completion of discovery and for filing dispositive motions, for the past eight months. Further delay in bringing this case to a close by allowing further time within which to complete discovery and file dispositive motions is not warranted on the showing made by plaintiff here. Plaintiff's motion for an extension of time is DENIED.

---

[3] In addition to extending the deadlines for discovery and filing of dispositive motions, the court has previously extended the time within which the parties were required to file their responses to the initial sets of discovery, to identify retained experts, and to amend the pleadings or add additional parties. Indeed, the court twice allowed the parties additional time within which to conduct the Rule 26(f) conference in which the initial deadlines were agreed to.

[4] Moreover, in addition to failing to show good cause for extending the discovery deadlines, plaintiff failed to show prior consultation with opposing counsel, and failed also to give the views of opposing counsel. The second requirement was rectified, at least in part, by the filing of Midgett Realty's response in opposition. Nevertheless, plaintiff's failure to comply with the local rules appears emblematic of a tendency to ignore, or treat as comparatively unimportant, the deadlines and procedural requirements set forth by this court.

D. Case Status

Where the Midgetts, Chicouris, and Midgett Realty have each been dismissed as defendants in this action, plaintiff's claims remain only against defendant CL, LLC ("CL"), Terrence Coyle ("Coyle"), and Jay Robert Lundblad ("Lundblad"). Also pending are the Midgetts' crossclaims against these three defendants. Pursuant to the case management order, as amended, the parties have until February 28, 2011, to file any dispositive motions.[5]

## CONCLUSION

For the foregoing reasons, Midgett Realty's motion for judgment on the pleadings (DE # 74) is GRANTED. Plaintiff's motions to alter judgment and amend complaint (DE # 78) are DENIED AS MOOT and DENIED, respectively. Finally, plaintiff's motion for an extension of time to complete discovery (DE # 87) also is DENIED. Action shall be taken in light of the status of the case, in accordance with this order, and in furtherance of the determination of the action.

SO ORDERED, this the 28th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[5] Default was entered against CL and Coyle by order dated January 28, 2010. Although Lundblad has yet to appear in this matter, he is protected by the automatic stay provision of 11 U.S.C. § 362 by virtue of his voluntary bankruptcy petition filed in the United States Bankruptcy Court for the Western District of Pennsylvania on or about March 12, 2010. Counsel for plaintiff and counsel for crossclaimants Anderson and Stockton Midgett shall notify the court immediately upon the conclusion of the bankruptcy proceedings involving Lundblad by filing with this court a notice stating the disposition of the bankruptcy case and including the final order in the bankruptcy matter or other disposing order issued by the bankruptcy court.