IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:09-CV-34-FL

| | | |
|---|---|---|
| JOHN D. WOOTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CL, LLC, a Florida Limited Liability Company; TERRENCE COYLE, Individually and as Manager/Member of CL, LLC, a Florida Limited Liability Company; JAY ROBERT LUNDBLAD; PETER CHICOURIS; ANDERSON MIDGETT; STOCKTON MIDGETT; and MIDGETT REALTY, INC., | ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for entry of final judgment against defendants Peter Chicouris ("Chicouris"), Anderson and Stockton Midgett ("the Midgetts"), and Midgett Realty, Inc. ("Midgett Realty") (DE # 91). No defendant has responded within the time allowed to do so, and the issues raised are now ripe for adjudication. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

On June 30, 2009, plaintiff initiated this action against Chicouris, the Midgetts, Midgett Realty, CL, LLC ("CL"), Terrence Coyle ("Coyle"), and Jay Robert Lundblad ("Lundblad"). Chicouris, the Midgetts, and Midgett Realty timely responded to the complaint. The other defendants have not appeared in this action. Default was entered against CL and Coyle. The court

was informed that Lundblad had filed a voluntary petition for bankruptcy in the Western District of Pennsylvania after the commencement of this action, and was therefore protected by the automatic stay provision of 11 U.S.C. § 362.

By order entered September 27, 2010, the court partially allowed plaintiff's motion to amend his complaint. Specifically, he was allowed to amend his claims as to CL, Coyle, Chicouris, and Midgett Realty. The motion was not adjudicated as to Lundblad, and was denied as to the Midgetts. In that order, the court also granted the Midgetts' motion to dismiss the original complaint and Chicouris's motion to dismiss the amended complaint.

On December 29, 2010, the court granted Midgett Realty's motion for judgment on the pleadings, premised primarily on the arguments raised by the Midgetts in their earlier motion to dismiss. The court also denied as moot plaintiff's motion to alter judgment under Rule 59(e) and denied his motion to amend his complaint under Rule 15. As to plaintiff's first motion, the court noted that judgment had not yet entered in the case, citing Rule 54(b) and Doctor v. Seaboard Coast Line R.R. Co., 540 F.3d 599 (4th Cir. 1976). As to the second motion, the court found that plaintiff's request was untimely under the deadline set by the scheduling order, and that he had not offered good cause to dispense with that deadline.

Following the court's order of December 29, 2010, and the Midgetts' dismissal of their cross-claims filed the same day, only plaintiff's claims against CL, Coyle, and Lundblad now remain pending. On January 21, 2011, plaintiff moved for entry of final judgment against the dismissed defendants under Rule 54(b), presumably to allow him immediately to appeal the two orders discussed above. Although that motion was served on all defendants, neither the dismissed defendants nor those defendants in default responded in opposition.

## DISCUSSION

A.  Standard of Review

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certifying a final judgment under Rule 54(b) is a two-step inquiry. First, a court must "determine whether the judgment is final . . . 'in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (quoting Curtis-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)). Next, the court must "determine whether there is no just reason for the delay in the entry of judgment." Id.

In determining whether there is "no just reason for delay," the court looks to a number of factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 1335-36 (citation omitted). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." Id. at 1335.

B.  Analysis

The court readily concludes that the first step of Braswell's two-part inquiry has been met. It is not disputed that this action involves both multiple parties and multiple claims. And the court's orders dismissing all claims against certain parties are "final" in the sense used by Rule 54(b) as to

3

those claims and parties. See, e.g., Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956) ("[T]here is no doubt that each of the claims dismissed is a 'claim for relief' within the meaning of Rule 54(b), or that their dismissal constitutes a 'final decision' on individual claims."). Accordingly, the threshold requirements of Rule 54(b) certification have been met.

The court does not find, however, that there is "no just reason for delay" in certifying judgment and allowing an appeal. As plaintiff admits, there is a relationship between the dismissed and unadjudicated claims, the significant overlap between the claims pose a risk of duplicative appellate review, and plaintiff has not yet moved for default judgment against CL and Coyle or sought to lift the automatic stay proceed against Lundblad. Moreover, the court cannot agree that it will not have to consider the intertwined issues again simply because the remaining defendants have not yet appeared in this case. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (noting that a party moving for default judgment must demonstrate liability as a matter of law and that no judgment will enter if the alleged facts do not constitute a valid cause of action). In these circumstances, the court will not certify judgment under Rule 54(b).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of final judgment against Chicouris, the Midgetts, and Midgett Realty (DE # 91) is DENIED. Plaintiff is directed to proceed with his claims against the remaining defendants to bring this action to a close.

SO ORDERED, this the 24th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4